# IN THE DISTRICT COURT OF THE UNITED STATES
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# ASHEVILLE DIVISION

## CRIMINAL NO. 1:09CR17

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| VS. ) | **O R D E R** |
| ) | |
| ALBERT CHARLES BURGESS ) | |

**THIS MATTER** came on for hearing before the Court on July 2, 2009, on the Defendant's various *pro se* motions. For the reasons set forth below, only the Defendant's motion for reconsideration of the Court's order denying him substitute counsel and Defendant's motion to continue the trial from the July 2009 term were heard and ruled on by the Court; Defendant's remaining *pro se* motions are denied without prejudice.

At his initial appearance before the Magistrate Judge upon his arrest on the charges herein, Defendant requested and was found to be eligible for appointed counsel. Thereafter, in a letter submitted to the Court, Defendant asked his court appointed counsel to file a motion to withdraw from further representation. **See Letter from Albert Burgess, filed June**

10, 2009; *see also*, **Letter for a hearing, filed June 11, 2009.** At the hearing held June 11, 2009, regarding the Defendant's motion to dismiss the indictment, the issue of his dissatisfaction with his court appointed attorney was heard. The Court explained to Defendant that he could continue with his current court appointed attorney, dismiss his appointed counsel and retain private counsel, or represent himself. Defendant stated that he did not have the funds to hire private counsel. **See Transcript of Hearing, filed July 1, 2009, at 10.** The Court then asked the Defendant whether or not he wished to continue with current counsel or represent himself. Defendant stated, "If it's a choice between [his court appointed counsel] and me, it's just going to be me." ***Id*. at 18-19.** The Court then explained, *inter alia*, the possible penalties associated with a conviction of the charges herein, and the complexity of representing himself in these proceedings. After an extensive inquiry of Defendant, the Court determined that Defendant's decision to represent himself was "(1) clear and unequivocal; (2) knowing, intelligent, and voluntary; and (3) timely." ***See United States v. Frazier-El*, 204 F.3d 553, 558 (4th Cir. 2000) (internal citations omitted); Order, filed June 17, 2009, at 9-10 (discussing relevant factors).** The Defendant was permitted to represent

himself and his court appointed attorney was directed to remain in the case as stand by counsel. **June 17 Order**, *supra*, **at 10.**

At the July 2 hearing, Defendant stated he did not want to represent himself and requested the Court to appoint him substitute counsel. Both Defendant and his current counsel informed the Court that their relationship has become strained to the point that communication or trial preparation is all but impossible. Upon reconsideration and in light of the apparent conflicts between Defendant and current counsel, Defendant's reluctance to represent himself in these proceedings, and in the interest of justice, the Court will relieve current counsel and direct the Federal Defender to assign Defendant new counsel.

Because new counsel's recent appointment will not provide adequate opportunity to prepare for trial for the July 2009 term, the Defendant's *pro se* motion to continue will be granted. The Court finds that a failure to grant the continuance "would unreasonably deny the defendant the reasonable time necessary for effective preparation, taking into account the exercise of due diligence." **18 U.S.C. § 3161(h)(8)(B)(iv).** Additionally, the ends of justice served by the granting of the continuance outweigh the

best interests of the public and the Defendant in a speedy trial. **18 U.S.C. § 3161(h)(8)(A).**

**IT IS, THEREFORE, ORDERED** that Defendant's motion for the appointment of substitute counsel is **ALLOWED**, and Steven G. Slawinski is hereby relieved of further responsibility for the representation of the Defendant herein.

**IT IS FURTHER ORDERED** that Defendant's substitute counsel shall file a report informing the Court on the status of his or her representation of Defendant no later than **July 15, 2009.**

**IT IS FURTHER ORDERED** that Defendant's motion to continue is **ALLOWED**, and his case is continued from the July 2009 term in the Asheville Division.

**IT IS FURTHER ORDERED** that the Defendant's remaining *pro se* motions are **DENIED WITHOUT PREJUDICE.**

Signed: July 10, 2009

Lacy H. Thornburg
United States District Judge