UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
1:09-CR-17-GCM

| UNITED STATES OF AMERICA, | ) | |
|---|---|---|
| | ) | |
| v. | ) | |
| | ) | ORDER |
| ALBERT CHARLES BURGESS, | ) | |
| Defendant. | ) | |

This matter is before the Court on Defendant's Motion for New Trial. For reasons given below, the Motion is DENIED.

## BACKGROUND

The jury convicted the Defendant on one count of possession of child pornography (Count One) and one count of receipt of child pornography (Count Two). During its deliberations, the jury submitted a note with two questions for the judge. The questions pertained to the second element of Count Two, which was the jurisdictional element requiring that the pornographic material cross state lines. The note read as follows: "We need clarification. Does defendant have to actually know this image crossed state lines, and did he have to participate in the action to be breaking the law in Count Two?" (Gov. Resp. Mem. Ex. 3 at 2.) Defense counsel asked, and then the Court ordered, that the jury be brought into the courtroom in order to clarify the meaning of the second part of the question.

With the jury assembled in the box, the Judge read the jury's question aloud and then asked, "By saying 'the action,' does this question refer to interstate transportation?" (*Id.* at 3.)

1

The jurors nodded there heads affirmatively. (*Id.* at 3.) The Judge then stated, "The answer to that question is no, he does not have to actually know the image crossed state lines, and no, he does not have to participate in the crossing of states lines." (*Id.* at 6-7.) The Judge then asked if that clarified the issue, to which the foreman responded, "Yes, sir." (*Id.* at 7.)

Once the jury left the courtroom, the Judge made the following entry in the record: "I want the record to reflect that the jury nodded their heads yes, that they were referring to the interstate transportation and not to anything else." (*Id.*) Defense counsel was not convinced that the jury understood that "the action" referred only to interstate transportation. Defense counsel again requested that the jury be brought into the courtroom and that they be asked what they understood by "the action"; counsel's primary concern was that the jury believed the Defendant could be found guilty even if he did not perform the affirmative act of receiving child pornography. The Judge denied this request, stating that the jury might only get confused and that the jury had instructions with the correct elements.

Approximately 15 minutes later, the jury convicted the Defendant.

Within an hour of the verdict, Defense counsel was at a restaurant when one of the jurors approached him, and the juror voiced concern that the jury was confused by the Court's instructions. Defense counsel gives the following description of the conversation:

> This juror indicated that in the jury's question about the Defendant's participation in the "action," the jurors were referring not just to the "action" of images moving in interstate or foreign commerce via the Internet but were asking more generally about the requirement that the Defendant take affirmative steps to receive images knowing them to be pornographic.

(Def. Mem. ¶ 19.)

Defense later filed this Motion for New Trial pursuant to Fed. R. Crim. P. 33. In this

2

motion, Defense also asks to supplement the record with affidavits from jurors.

## I.     Defendant's Motion for New Trial is Denied

A motion for new trial will be granted "if the interests of justice so requires." Fed. R. Crim. P. 33(a). The Fourth Circuit holds that, "[u]nder the applicable legal principles, a trial court 'should exercise its discretion to award a new trial sparingly,' and a jury verdict is not to be overturned except in the rare circumstance when the evidence 'weighs heavily' against it." *United States v. Smith*, 451 F.3d 209, 216-17 (4th Cir. 2006) (quoting *United States v. Perry*, 335 F.3d 316, 320 (4th Cir. 2003)).

Defense argues that the jury was mislead as to the instructions on the second element of Count Two and therefore a new trial is required. That element reads as follows: "That such visual depiction was shipped or transported in interstate or foreign commerce by any means including computer." (Gov. Mem. Ex.1 at 1.) The jury asked the Judge (1) does the Defendant have to know that the material crossed state lines, and (2) does the Defendant have to participate in "the action to be breaking the law in Count Two?" The Judge asked the jury whether "the action" refers to "interstate transportation," and the jury answered affirmatively. (Gov. Mem. Ex.3 at 6.) The Judge told them the answer was "no." (*Id.*)

It is clear from the record that the jury's question was solely limited to the second element of Count Two and the judge correctly instructed the jury as to that element. Defendant's request for a new trial is therefore denied.

## II.     Defendant's Request to Supplement the Record is Denied

Rule 606(b) of the Federal Rules of Evidence allows inquiry into jury deliberations in

only the rarest of circumstances, and those circumstances are not present in this case. Under Rule 606(b), juror testimony is inadmissible "as to any matter or statement occurring during the course of the jury's deliberations or to the effect of anything upon that or any other juror's mind or emotions as influencing the juror to assent to or dissent from the verdict or indictment or concerning the juror's mental processes in connection therewith." Fed. R. Evi. 606(b). There are only three exceptions: "a juror may testify about (1) whether extraneous prejudicial information was improperly brought to the jury's attention, (2) whether any outside influence was improperly brought to bear upon any juror, or (3) whether there was a mistake in entering the verdict onto the verdict form." Court's do not inquire into jury deliberations when it is alleged that jurors misinterpreted their instructions. *See, e.g.*, *Farmer's Coop. Elev. Ass'n v. Strand*, 382 F.2d 224, 230 (8th Cir. 1967) (holding, that "a jury verdict may not be impeached as to occurrences in the jury room which inhere in the verdict by an affidavit of a juror" even when the jury misinterpreted their instructions).

In this case, there was no external tampering with jury. There was no scrivener's error. The jury was given clear instructions, and further clarifying guidance by the Court. The Defendant's request to supplement the record is therefore denied.

**Conclusion**

The Court hereby DENIES Defendant's Motions for New Trial and to Supplement the Record. So ordered.

Signed: January 22, 2010

Graham C. Mullen
United States District Judge