**IN THE DISTRICT COURT OF THE UNITED STATES**
**FOR THE WESTERN DISTRICT OF NORTH CAROLINA**
**ASHEVILLE DIVISION**
**1:09 cr 17**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | ) | |
| | ) | |
| **Vs.** | ) | **ORDER** |
| | ) | |
| **ALBERT CHARLES BURGESS.** | ) | |
| _____ | ) | |

    **THIS CAUSE** came on for hearing before the undersigned after referral from the District Court and pursuant to a letter from defendant to the Clerk dated March 25, 2010 requesting: "Please advise the court that I would like to represent myself in any further pleadings. I claim a substantive right to have an attorney assist me, which is my right under North Carolina law."(#104) At the call of the matter on for hearing it appeared the defendant and his counsel, attorney Sean Devereux of Asheville, NC was present and the government was present and represented by Assistant United States Attorney Cortney Escaravage. From the statements of the defendant, Mr. Devereux, Ms. Escaravage and the records in this cause, the undersigned makes the following findings.

    **Findings.**

    On March 17, 2009, the grand jury returned a two count bill of indictment presenting criminal charges against the defendant. In count one of the bill of indictment, the defendant was charged with a violation of 18 U.S.C. § 22529a)(4)(B), that being possessing visual depictions of minors engaging in sexually explicit

conduct. In count two the defendant was charged with a violation of 18 U.S.C. § 2252(a)(2), that being receiving visual depictions of minors engaging in sexually explicit conduct (#1). At the initial appearance hearing, defendant requested that counsel be appointed to represent him, which motion was allowed on April 14, 2009. On June 11, 2009, United States District Judge Lacy H. Thornburg held a hearing in regard to various motions filed by the defendant. During the hearing of the motions, the defendant advised Judge Thornburg that he wished to represent himself in regard to the defense of this case. The motion was allowed. In the written Order Judge Thornburg stated the following:

> The undersigned discussed the possible penalties Defendant faced if convicted, including a lengthy term of imprisonment, and explained the complexity involved in trying a criminal case. Defendant stated that he worked for several years in a prison library while incarcerated and is familiar with the Federal Rules of Criminal Procedure and case law. Defendant was cautioned against the difficulty of acting as his own counsel and Defendant stated in no uncertain terms that he wanted to serve as his own counsel, and even acknowledged that a person acting as his own attorney cannot later raise a claim of ineffective assistance of counsel.

Judge Thornburg found that the defendant's waiver of counsel and desire to represent himself was unequivocal, knowing, voluntary and intelligent and allowed defendant's motion to proceed *pro se* (#23, pp. 9, 10). Judge Thornburg further ordered that defendant's court appointed counsel remain in the case as standby counsel and be available at trial should defendant require his assistance.

On July 2, 2009, Judge Thornburg conducted further hearings in regard to various motions that had been filed by defendant. At that hearing, the defendant advised Judge Thornburg that he did not wish to represent himself and requested the court appoint him substitute counsel. Due to a strained relationship between defendant and his standby counsel, Judge Thornburg relieved standby counsel and directed that the Federal Defender assign new counsel for the defendant. New counsel was appointed but was relieved from representation of the defendant by Order of the undersigned filed in a sealed Order on August 19, 2009 (#56). Sean Devereux, attorney of Asheville, NC was, at that time, appointed to represent defendant in this case. Mr. Devereux proceeded with a vigorous defense of the defendant through a trial which took place at the November 17, 2009 session of District Court before Senior Judge Graham Mullen, United States District Judge for the Western District of North Carolina. On November 18, 2009 a verdict of guilty as to both counts contained in the bill of indictment was entered by the jury (#87).

On January 25, 2010, defendant filed a handwritten motion requesting that he be allowed to act as his co-counsel (#97). This motion was denied by Judge Mullen in an Order dated February 19, 2010. In the Order, Judge Mullen advised defendant that he had the right to proceed *pro se* but urged him that he keep his experienced and competent counsel who was presently representing him (#102).

**Discussion.**

In <u>United States v. Bush</u>, 404 F.3d 263, 270 (4th Cir. 2005), the Fourth Circuit Court of Appeals reviewed the criteria for a court to apply in determining whether or not a defendant should be allowed to represent himself:

> The Supreme Court first recognized a defendant's right to self-representation at trial in <u>Faretta v. California</u>, 422 U.S. 806, 95 S.Ct. 2525, 45 L.Ed.2d 562 (1975). After cataloguing the history of the right, both in England and the American colonies, the Court held that "the defendant...must be freely personally to decide whether in his particular case counsel is to his advantage," and that "his choice must be honored out of that respect for the individual which is the lifeblood of the law." *Id*. at 834, 95 S.Ct. 2525 (internal quotation marks omitted). This right, however, is mutually exclusive of the right to counsel guaranteed by the Sixth Amendment. <u>United States v. Frazier-El</u>, 204 F.3d 553, 558 (4th Cir. 2000). In recognition of that fact, the Court explained, "in order to represent himself, the accused must knowingly and intelligently forgo those relinquished benefits [obtained from the right to counsel]." <u>Faretta</u>, 422 U.S. at 835, 95 S.Ct 2525 (internal quotation marks omitted). In addition, "[the defendant] should be made aware of the dangers and disadvantages of self-representation, so the record will establish that he knows what he is doing and his choice is made with eyes open." *Id*. (Internal quotation marks omitted). The Court made it clear that the defendant "need not himself have the skill and experience of a lawyer," but it also cautioned that the "right of self-representation is not a license to abuse the dignity of the courtroom." *Id*. at 835, 834 n. 46, 95 S.Ct. 2525. Later cases have clarified that a district court cannot deny a defendant's right to self-representation merely because the defendant lacks "technical legal knowledge." <u>Godinez v. Moran</u>, 509 U.S. 389, 399-400, 113 S.Ct. 2680, 125 L.Ed2d 321 (1993); *see also* <u>United States v. Mack,</u> 362 F.3d 597, 601 (9th Cir. 2004).

> We "review the sufficiency of a waiver of the right to counsel by evaluating the complete profile of the defendant and the circumstances of his decision as known to the trial court at the time," by "examining the record as a whole." <u>Singleton</u>, 107 F.3d at 1097. In determinating whether a defendant properly has exercised his right to self-

representation and waived his right to counsel, we ascertain whether the assertion of the right to self-representation is (1) clear and unequivocal; (2) knowing, intelligent and voluntary; and (3) timely. See <u>Frazier-El</u>, 204 F.3d at 558.

At the hearing concerning defendant's motion, the undersigned made inquiry of the defendant as set forth in <u>Benchbook for U.S. District Court Judges</u>, Fourth Edition, 1.02, p. 5 (September 2007). From previous hearings the undersigned has conducted concerning the charges against the defendant, the undersigned recalled the defendant had stated he had attended several colleges and universities but had not obtained a degree. The undersigned made particular inquiry concerning whether or not the defendant had ever studied law and whether he had ever represented himself in a criminal action. The defendant advised he had studied law, although not in a law school environment and he had appeared and represented himself in previous criminal matters. The defendant told the court he was familiar with the United States Sentencing Guidelines, the Federal Rules of Evidence, and the Federal Rules of Criminal Procedures. The defendant had told United States District Judge Lacy Thornburg that he had worked for several years in the prison library while he had been incarcerated and further he was familiar with the Federal Rules of Criminal Procedure and with case law. The undersigned also made an inquiry as to whether or not the desire of the defendant to represent himself was voluntary. Defendant stated he had not been threatened or influenced in any way and the decision to represent himself was his own voluntary decision.

The undersigned made the defendant aware of the dangers and disadvantages of his self-representation and specifically told the defendant that in the opinion of the undersigned, a trained attorney could defend the defendant far better than he could defend himself. The undersigned further told the defendant this court thought it was unwise of the defendant to represent himself and urged him not to do so. In response, the defendant stated it was still his desire to represent himself.

From the statements of the defendant as shall appear of record, it appeared to the undersigned that defendant's assertion of his right to represent himself in this matter was clear and unequivocal and further, it was knowing, intelligent and voluntary. The request for the defendant to represent himself has come at a time, after trial but before sentencing. The presentence investigation report (#105) in this matter was filed on April 1, 2010. The defendant, in writing, made a motion to extend the time for him to object to the presentence investigation report for an additional period of fourteen days (#106). The government did not object to that motion and that motion was allowed. As a result, the undersigned finds that the assertion of defendant's right of self-representation at this time was timely.

Based upon the foregoing, the undersigned has determined to enter an order allowing the defendant's motion to proceed *pro se*.

## ORDER

**IT IS, THEREFORE**, **ORDERED** that defendant's motion to proceed *pro se* (#104) is **ALLOWED**.  It is further ordered that defendant's appointed counsel, Mr. Sean Devereux shall remain in the case as standby counsel and be available should the defendant require his assistance.

Signed: April 21, 2010

Dennis L. Howell
United States Magistrate Judge