| | |
|---|---|
| **UNITED STATES OF AMERICA,** )  | |
| ) | **MEMORANDUM AND** |
| **Vs.** ) | **RECOMMENDATION,** |
| ) | **AND ORDER** |
| **ALBERT CHARLES BURGESS.** ) | |
| _____ ) | |

**THIS MATTER** is before the court on defendant's pro se (1) Motion for

Materials Under Brady and Bagley (#108); (2) Motion to Dismiss Count 1 + 2 of the

Indictment and Subsequent Conviction -Double Jeopardy (#109); (3) Motion to

Dismiss Count 2 of the Indictment and Subsequent Conviction -Ex Post Facto

Violation (#110); (4) Motion to Compel Production of Documents (#115); (5) Motion

for Request for Instructions from Clerk of Court Concerning Method to Subpoena

Documents (#116); (6) Motions of Defendant (#117); (7) Motion of Defendant for

Issuance of Subpoenas Duces Tecum"(#118), filed April 29, 2010; (8) Motion for a

New Trial Under the Cumulative Application of FRCrP 33(a), 48, and LRCrP WDNC

471.1(h)" (#119); and (9) Motion for Sanctions Against the U.S. Attorney (#120).

A hearing on such motions was conducted on May 20, 2010, at which defendant

appeared assisted by stand-by counsel. The government was also present. Having

heard the arguments of defendant and counsel, considered the written materials, and

allowed the submission of evidentiary material from defendant's stand-by counsel, the court enters the following findings, conclusions, recommendation, and Order.

## FINDINGS AND CONCLUSIONS

### I. Background

Defendant was convicted on November 18, 2009, on both counts contained in the indictment. In Count One, defendant was charged with possessing materials involving the sexual exploitation of minors, 18 U.S.C. §§ 2252(a)(4)(B) and (b)(2), which carries a penalty of not less than 10 years and not more than 20 years imprisonment and a $250,000.00 fine. In Count Two, defendant was charged with knowingly receiving by computer visual depictions, the production of which involved the use of a minor engaging in sexually explicit conduct, 18 U.S.C. §§ 2252(a)(2) and (b)(1), which carries a penalty of not less than 15 years and not more than 40 years imprisonment and a $250,000.00 fine. Defendant is in custody awaiting sentencing.

The day before trial, counsel for defendant filed on defendant's behalf a Supplemental Motion for Release of Brady Materials (#80) and on the day of trial he filed a Motion to Suppress (#82). Seven days after trial, counsel for defendant filed a Motion for New Trial (#91). The Brady motion sought

> disclosure of any communication between government agents and PayPal or eBay, Inc. on the subject of Mr. Burgess.

\* \* \*

> copies of any e-mails or other electronic communications between agents
> of the government and Mr. Burgess or any computer owned or associated
> with Mr. Burgess.

Supplemental Motion for Release of Brady Materials (#80), at ¶¶ 17-18. The at-trial Motion to Suppress concerned post-arrest, custodial statements made to law enforcement. Motion to Suppress (#82), at ¶¶ 10-14. The Motion for New Trial concerned questions from the jury to the trial court and the answers the court provided in open court. See Motion for New trial (#91).

The Motion to Suppress was denied from the bench. The New Trial motion was denied by written Order filed January 22, 2010 (#96). In denying those motions, the district court held, as follows:

> It is clear from the record that the jury's question was solely limited to the second element of Count Two and the judge correctly instructed the jury as to that element. Defendant's request for a new trial is therefore denied.

Order (#96), at p. 3. Despite docket entry (#96) indicating that the pretrial Brady motion (#80) was resolved by the January 22, 2010, Order, close review of that Order reveals that it was a Motion to Supplement the record that was therein resolved in addition to the New Trial Motion. Thus, the Supplemental Motion for Release of Brady Materials (#80) remains pending before the district court.

After trial and after defendant's trial counsel had filed appropriate post-trial motions, defendant filed *pro se* his Motion to Be Allowed to Be His own Co-Counsel

(#97).  The district court denied this motion in its February 19, 2010, Order (#101),

but advised defendant that he does have the constitutional right to represent himself.

 Id., at p. 1.  On March 26, 2010, defendant filed his Motion to Represent Himself

(#104), which the district court referred to the undersigned for disposition.  A hearing

on such motion was conducted on April 14, 2010, and the court allowed defendant's

request but appointed trial counsel as stand by counsel for defendant.  See Order

(#111).  After defendant filed such motion, but before it was allowed, the Presentence

Investigation Report ("PSIR") was filed with the court on April 1, 2010, and the court

allowed defendant's *pro se* Motion to Enlarge the time to respond to the PSIR up to

an including April 28, 2010.

On or about May 12, 2010, the district court referred all of defendants' post-

trial motions to the undersigned for entry of decision as to non-dispositive motions

and recommendations as to any dispositive motions.  The government timely

responded to all calendared motions and served defendant with a copy of its response

in such a manner as to allow defendant to consider such response in advance of the

hearing.

The hearing was held on May 20, 2010.  Standby counsel assisted defendant at

such hearing and agreed to provide to the court an affidavit by May 26, 2010,

concerning efforts his office made in providing clothing for defendant as well as

information concerning documents defendant now wishes to subpoena. No such affidavit was filed by such date.

## II.     Discussion

The court has carefully considered the arguments and written materials submitted. Defendant's motions will be discussed *seriatim*.

### A.     Motion for Materials Under Brady and Bagley (#108)

In short, defendant requests that the government produce copies of: any correspondence it had with EBAY, PAYPAL, Detective Pat Redden, the York County, Pennsylvania, Prosecutor's Office, and the U.S. Probation Office; copies of checks to any witnesses; any "information" concerning communications with the Henderson County Sheriff's Office; any "written words" by any person who accessed defendant's computer; a copy of the inventory sheet left at defendant's house following the March 6, 2008, search; any communication between law enforcement and the U.S. Attorney; orders concerning expungement; and any immunity agreements with any person or corporation.

The government represented to the court at the hearing that it has turned over to defendant all Brady material, and that the only material that could be considered Brady that the government has not yet turned over to the defendant are copies of forms regarding government reimbursement of witnesses who testified at trial. Such checks

represent reimbursements for travel and were not completed until after the witnesses testified. The government provided defendant with copies of these forms at the hearing and advised that it will also provide a report that it recently received regarding the defendant's contact with a family in Pennsylvania, which it does not believe to contain <u>Brady</u> material.

<u>Brady</u> material includes evidence or information specifically requested by a defendant which is favorable to the accused and "material either to guilt or to punishment." <u>Brady v. Maryland</u>, 373 U.S. 83, 87 (1963). <u>See also</u> <u>United States v. Agurs</u>, 427 U.S. 97, 106 (1976); <u>Sennett v. Sheriff of Fairfax County</u>, 608 F.2d 537 (4th Cir. 1979). <u>Cf.</u> <u>United States v. Billups</u>, 692 F.2d 320, 325-26 (4th Cir. 1982), <u>cert</u>. <u>denied</u>, 464 U.S. 820 (1983) (defendant's 25 <u>Brady</u> requests held too general to constitute "specific request" for documents withheld by the government). Evidence or information, whether or not specifically requested by the defense, which is of sufficient probative value as to create a reasonable doubt of the guilt of the accused or which tends to exculpate the accused is also required to be produced. <u>See</u> <u>United States v. Agurs</u>, <u>supra</u>; <u>Hamric v. Bailey</u>, 386 F.2d 390, 393 (4th Cir. 1967); <u>Barbee v. Warden, Maryland Penitentiary</u>, 331 F.2d 842 (4th Cir. 1964). Further, evidence or information indicating that the prosecution's case includes perjured testimony is also subject to disclosure. <u>See</u> <u>Alcorta v. Texas</u>, 355 U.S. 28 (1957); <u>Campbell v.</u>

Reed, 594 F.2d 4 (4th Cir. 1979).  Finally, evidence or information tending to discredit or impeach the credibility of a government witness, including plea agreements is also subject to disclosure.  See Giglio v. United States, 405 U.S. 150, 154-55 (1972); Gordon v. United States, 344 U.S. 414 (1953); Chavis v. North Carolina, 637 F.2d 213 (4th Cir. 1980); United States v. Sutton, 542 F.2d 1239 (4th Cir. 1976); Boone v. Paderick, 541 F.2d 447 (4th Cir. 1976), cert. denied, 430 U.S. 959 (1977).  Impeaching as well as exculpatory evidence is favorable to the accused under Brady.  However, failure to disclose impeaching evidence on request violates constitutional protections only if it deprives defendant of a fair trial, such as where the suppression undermines confidence in the outcome.  United States v. Bagley, 473 U.S. 667 (1985).

Review of the materials submitted and consideration of the arguments has assured the court that the government has fully and completely honored its obligations under Brady and its progeny.  Defendant's Motion for Materials Under Brady and Bagley (#108) will be denied.

**B.  Defendant's Motion to Dismiss Counts 1 and 2 of the Indictment and Subsequent Conviction - Double Jeopardy (#109)**

In this motion, defendant contends that his convictions on Count One (knowing possession of child pornography) and Count Two (receipt of child pornography) should be dismissed because the statutes overlap and are not exclusive of each other,

in violation of his fifth amendment protection against double jeopardy under the United States Constitution. Defendant's argument is that the indictment was multiplicatus.

"Generally, an indictment may not charge a single criminal offense in several counts without offending the rule against ' multiplicity'... . " United States v. Busacca, 936 F.2d 232, 239 (6th Cir.), cert. denied, 502 U.S. 985 (1991). Because it was not raised before trial, defendant has waived any ability to now argue that the charges leveled against him were multiplicatus. Fed.R.Crim.P. 12(b)(2) (defenses and objections based on defects in the bill of indictment must be raised prior to trial); United States v. Price, 763 F.2d 640 (4th Cir.1985). Defendant has made no showing of cause for the late filing. United State v. Dietz, 1995 WL 133353, *3 (4th Cir. 1995)(" because Dietz failed to raise his duplicity and multiplicity arguments before trial and failed to establish cause, these challenges were waived.")[1]

Further, in an abundance of caution, the undersigned has reviewed the Bill of Indictment and determined that the counts therein contained are not multiplicatus. The Double Jeopardy Clause is not implicated in this case because the jury could have found the defendant guilty on Count One based on different images. Two offenses are

---

[1]     Due to the limits of Electronic Case Filing, a copy of such unpublished decision is placed in the electronic docket through incorporation of the Westlaw citation. Defendant is advised that he can request a copy of such decision from stand by counsel.

not the "same" for double jeopardy purposes where each requires proof of an element that the other charge does not require. <u>Blockburger v. United States</u>, 284 U.S. 299, 304 (1932).

Other courts have recently concluded that possession of child pornography is a lesser-included offense of receipt. <u>United States v. Davenport</u>, 519 F.3d 940, 947 (9th Cir. 2008); <u>United States v. Schales</u>, 546 F.3d 965, 977 (9th Cir. 2008); <u>United States v. Miller</u>, 527 F.3d 54, 71 and n.15 (3d Cir. 2008); <u>United States v. Kamen</u>, 491 F.Supp. 2d 142, 150 (D. Mass. 2007). Unlike the facts in <u>Davenport</u> and <u>Miller</u>, the two counts of conviction of defendant herein did not involve the same act or transaction as defendant was not convicted of knowingly receiving and possessing the *same* images. Count Two addressed a specific date on which the defendant received a specific video depicting child pornography, namely "12Hard.avi." Count One, by contrast, charged the defendant with knowingly possessing one or more matters containing numerous images of child pornography, including: files named "73180_1204493707.jpg," "7677549YSu.jpg," and "Spongebob_(x_fresas).wmv, " all on a different date.

Because Count One and Count Two of the Indictment address separate actions involving different images and videos on different days, the undersigned must

recommend, in the alternative to waiver, that defendant's Motion to Dismiss Counts 1 and 2 be denied as a matter of law as there is no fifth amendment violation.

**C.  Defendant's Motion to Dismiss Count 2 of the Indictment and Subsequent Conviction - Ex Post Facto Violation (#110)**

As explained by defendant at the hearing, he contends that because the images of child pornography he received were older than the law he was convicted of violating, his conviction under such law violates the *Ex Post Facto* clause of the United States Constitution. This would be akin to a defendant arguing in a drug case that because the cocaine he received was made before the passage of the *Harrison Act* in 1914, he would not be guilty of possessing cocaine in 2010 in violation of the *Controlled Substances Act*. Such argument is not only without legal basis, it is not logical, as it is the possession of contraband that is regulated.

Here, plaintiff maintains that because the movie "12Hard.avi" was manufactured at least 35 years ago, at a time when it was purportedly not illegal to possess or view child pornography, he cannot be prosecuted for its possession in 2008. Defendant does not claim that he received it at any time other than after enactment of 18 U.S.C. § 2252(a)(2).

Defendant cannot invoke the *Ex Post Facto* Clause in the circumstances presented. Such constitutional protection prohibits the application of laws that "retroactively alter the definition of a crime or [retroactively] increase the punishment

for criminal acts." <u>United States v. O'Neal</u>, 180 F.3d 115, 121 (4th Cir.1999) (citation and corresponding quotation marks deleted). Under <u>Collins v. Youngblood</u>, 497 U.S. 37 (1990), a law violates the *Ex Post Facto* Clause if it does one of the following:

1.  Punishes as a crime an act previously committed, which was innocent when done;

2.  Makes a more burdensome punishment for a crime, after its commission; or

3.  Deprives one charged with a crime any defense available according to law at the time the act was committed.

<u>Id.</u>   In this case, however, the Grand Jury charged that defendant received the pornographic video in 2008, which was a time after Section 2252 was enacted in 2006.  When the pornography was produced is of no relevance, as the statute clearly proscribes the receipt of such materials on or after the effective date of such provision.  There is no possible *Ex Post Facto* violation and the undersigned must recommend that defendant's Motion to Dismiss Count 2 be denied.

**D.    Defendant's Motion to Compel Production of Documents (#115) and Defendant's Motion for Request for Instructions from Clerk of Court Concerning Method to Subpoena Documents (#116)**

In these requests, defendant seeks legal advice on how to subpoena documents he believes are relevant to his case.  The court cannot provide legal advice to

defendant. The court can, however, cite defendant to the applicable Federal Rule of

Criminal Procedure, Rule 17(b)-(c),[2] which provides as follows:

> **(b) Defendant Unable to Pay.**
> Upon a defendant's *ex parte* application, the court must order that a subpoena be issued for a named witness if the defendant shows an inability to pay the witness's fees and the necessity of the witness's presence for an adequate defense. If the court orders a subpoena to be issued, the process costs and witness fees will be paid in the same manner as those paid for witnesses the government subpoenas.
> **(c) Producing Documents and Objects.**
>     **(1) In General.**
> A subpoena may order the witness to produce any books, papers, documents, data, or other objects the subpoena designates. The court may direct the witness to produce the designated items in court before trial or before they are to be offered in evidence. When the items arrive, the court may permit the parties and their attorneys to inspect all or part of them.

Fed.R.Civ.P. 17(b)-(c). This means that defendant should file a motion for issuance

of subpoenas at government expense, indicating the name and address of the company

from which he seeks documents, the precise documents he seeks and any account

numbers as well as the names on such accounts and the relevant time periods, and a

brief statement indicating how such are necessary to an adequate defense or the

relevance of such documents to any upcoming proceeding. If he knows the name of

the custodian of the records at any such company, he may also include that name. As

to filling out the actual form subpoena, the court will take care of that task inasmuch

---

[2] The court assumes defendants seeks only the production of documents from third-parties.

as defendant is unlikely to have access to such forms.[3]  These motions will, therefore, be denied, with leave granted to defendant to file a motion as outlined above.

**E.     Defendant's Motions (# 117)**

In this document, defendant has made a number of motions.

### 1.     Motion to Dismiss - Prosecutorial Misconduct

In this motion, defendant contends that the government did not turn over evidence regarding PAYPAL and the alleged "crash" of his computer.  The government has unequivocally shown that it turned over all evidence in its possession regarding Paypal.  Further, the government has also shown that it never concealed any fact regarding a "crash" of the defendant's computer.  The government points to the testimony of Special Agent Wilhelm, who testified that he *restored* defendant's computer through the use of a virtual machine to make a mirror image, or cloning, to view the contents of defendant's computer.   Partial Trial Transcript, at pp. 71-73. Agent Wilhelm testified as follows:

> Yes. On this particular case, I did an extra step, where  we take the image, forensic image, and we restore it in a piece of software that can give us a representation of what the computer would look like were we sitting at the actual hardware.

---

[3]      The court notes that defendant stated at the hearing that he submitted a number of subpoenas to the Clerk for issuance.  The Clerk has diligently searched his office for any such materials and can find none.

Partial Trial Transcript, at p. 71. The court finds no support for this motion in the record, and will recommend that this Motion to Dismiss be denied.

\* \* \*

Defendant is cautioned that "prosecutorial misconduct" has a very precise meaning and, like the boy who cried Wolf, should not be used unless the circumstances warrant. For example, in reviewing the trial transcript to search for any evidence that could support this motion, the word "crash" was not used once in the trial. Transcript (#99).[4] While the undersigned was not present at trial, the undersigned has been involved in this case since day one and notes that the government has conducted itself with the highest degree of professionalism. Indeed, at the hearing this professionalism was again exhibited when the government gave defendant copies of documents which defendant could not lay his hands on from his own files. Such attorneys are simply doing their jobs as public servants, and unsupported use of such term is simply not fair play as it unnecessarily raises concerns where concerns of that magnitude do not exist. Based on defendant's understanding of the issues at the hearing, the court is certain that he understands this concern and will avoid unnecessary use of such term in any future filings.

---

[4] Only a partial transcript has been produced; however, it has contained therein the testimony of Agent Wilhelm.

### 2. Motion for Evidentiary Hearing on Local Rule 47.1(h) Pleading

This motion appears to be based on a fundamental misunderstanding of a Local Criminal Rule of this court. The local rule provides as follows:

> **(H) Pro Se Motions Filed By Criminal Defendants Who Have Not Waived Their Right To Counsel.** Except for challenges to the effective assistance of counsel, the Court will not ordinarily entertain a motion filed by a criminal defendant who is still represented by counsel and has not formally waived his or her right to counsel in the presence of a judicial officer after being fully advised of the consequences of waiver. Exceptions to this general rule may be made in the discretion of the judicial officer considering the pro se motion.

L.Cr.R. 47.1(H). This local rule simply provides that the court will not consider *pro se* motions filed by defendants who are then represented by counsel, with one exception: where the represented *pro se* defendant claims that he or she is not receiving proper representation, i.e., "effective assistance," and seeks appointment of a new attorney, the court will consider such a motion, just as this court has done twice in this case.

Defendant has confused this rule with claims of "ineffective assistance of counsel," which are typically made in a Motion to Vacate under 28 U.S.C. § 2255. Local Criminal Rule 47.1(H) is not an avenue to seek affirmative relief from the court, other than to seek appointment of a new attorney. This motion will be denied.

### 3. Motion to Exclude Prior Convictions Because of Constitutional Defects

In this motion, defendant challenged the validity of prior convictions, including making arguments to the effect that Honorable late James B. McMillian, United States District Judge (deceased), "expunged" a state court conviction entered against him decades ago. There does not appear to be any argument that any such prior convictions were introduced into evidence at trial; thus, the only relevance of any prior convictions must be as to his upcoming sentencing hearing, where prior convictions may or may not impact his sentence.

Thus, the issue is neither properly presented in the instant motion or ripe. Defendant should raise any such concern as an objection to the Presentence Investigation Report if he has not done so already. If the time for filing objections has run, he should file a motion asking the district court for additional time to amend his objections.

This motion will, therefore, be denied without prejudice as improvidently filed and not ripe.

### 4.    Motion to Dismiss - Prosecutorial Misconduct

The defendant argues that the government is using his conviction from Gaston County against him in an attempt to manipulate the court. In his motion, defendant mentions the Pretrial Services officer who prepared the PSIR. The court interprets this motion to be taking issue with the validity of prior convictions and the impact they

might have at sentencing. Defendant should file such concerns as an objection to the PSIR. The undersigned will recommend that this motion be denied.

* * *

While the Pretrial Services officer may well gather information from various sources, defendant is advised that the United States Attorney has absolutely nothing to do with the preparation of the PSIR, which is solely the function of a court employee, the Pretrial Services officer. The Pretrial Services officer is simply tasked with gathering and digesting information for the court on the very complex issue of sentencing. Defendant's opportunity to contest any such findings is through the objection process, not through filing motions attacking the United States Attorney. If defendant believes that any conviction listed in the PSIR is no longer a valid conviction, such should be brought to the court's attention through an objection to the PSIR. In that way, the objection can be investigated by Pretrial Services in advance of the sentencing hearing.

### 5. Motion To Dismiss - Fed. R. Crim. P. 52(b)

In this motion, defendant mentions Rule 52(b), Fed.R.Crim.P. Review of the substance of such request reveals that he is actually making what would be a second motion for a new trial. Inasmuch as defendant's trial concluded on November 18, 2009, a motion for new trial based on anything other than newly discovered evidence

must be filed within seven days after the verdict. <u>United States v. Smith</u>, 62 F.3d 641, 648 (4th Cir.1995). This motion is time barred. While the totality of the pleadings reveals that defendant is searching for new evidence, the motion cannot be construed to be a claim for a new trial based on newly discovered evidence. The undersigned will recommend that this motion be denied.[5]

### 6. Motion to Dismiss - Prosecutorial Misconduct Rule 52B/Local Rule 47.1(h)

The defendant argues that the government made impermissible statements to the jury during its opening[6] and closing arguments. In his motion, the defendant does not detail exactly what statements he believes were impermissible. At the hearing, however, he stated that the impermissible statements were to the effect that "Mr. Burgess likes little boys." Defendant does not contend that such statements were unduly prejudicial, rather, he contends that the government was prohibited from using confidential client communications which a previous attorney inappropriately revealed to government counsel.

This motion is clearly without merit as the defendant himself was the source of the statement actually used, not an earlier attorney. As shown by the government at

---

[5] While a motion for new trial is not dispositive, the undersigned believes it to be appropriate to make a recommendation rather than enter an Order on this matter as the decision to grant a new trial is always within the sound discretion of the district court.

[6] While the closing arguments have been transcribed, the opening statements have not been included in the partial transcript.

the hearing, defendant made such incriminating statement to Agent Wilhelm, and Agent Wilhelm testified to such effect at trial.

> Q.    Did you and Mr. Burgess talk about why he had -- or why
> he would get -- send money and receive child pornography?
>
> A.    Yes. He just stated he liked children, specifically boys 10
> to 11 years old. He said that's just the way he was wired and
> that he couldn't help himself.

Partial Trial Transcript, at p. 22.    In relevant part, the government argued during closing as follows:

> So you're going to use his admissions that he sought out
> and paid for thousands of images of child pornography and
> he's attracted to 10 and 11-year-old boys . . . .

Closing Arguments Transcript, at p. 17.    Use of such statement in a forecast of evidence or arguing such evidence in its closing in no compromises the attorney-client relationship inasmuch as the government has clearly shown that it obtained the same information from an independent source.[7]

The undersigned will, therefore, recommend that this motion be denied.

### 7.    Motion to Dismiss - Prosecutorial Misconduct

---

[7]    The court notes that the undersigned imposed such restriction on use of information inappropriately revealed by defendant's prior counsel to protect the attorney-client relationship and assure defendant's right to a fair trial.  Indeed, the court was concerned that if it became publicly known that defendant's attorney had made such statement, it could jeopardize defendant's ability to obtain a fair trial inasmuch as the public and potential jurors would likely give great credence to admissions revealed by one's own attorney.  Such protective order in no way prohibited the government from using such underlying fact if it had been gathered from another source.

Again, defendant has inappropriately used the term "prosecutorial misconduct" and alleged that the government has engaged in a "sham" prosecution against him and that the charges should therefore be dismissed.

Defendant's motion appears to be centered on federal charges being brought against him while being held in state custody. He appears to believe that the state charges were baseless. The district court has already resolved defendant's Motion to Dismiss Based on Speedy Trial (#17), which was resolved by Honorable Judge Thornburg, United States District Judge, now retired. <u>See</u> Order (#23). Judge Thornburg dealt with nearly identical allegations, and held in relevant part, as follows:

> Defendant contends that because there were federal authorities involved in the investigation that ultimately led to the state charge in March 2008, his federal statutory right to a speedy trial and Sixth Amendment right to a speedy trial have been violated. Defendant's Motion, at 4. The Government responds that the speedy trial rights pressed by Defendant began to run on the day Defendant was arrested on federal charges by federal authorities. Government's Response, at 3.
> The Speedy Trial Act provides in relevant part:
>> Any information or indictment charging an individual with the commission of an offense shall be filed within thirty days from the date on which such individual was arrested or served with a summons in connection with such charges.
> 18 U.S.C. § 3161(b). The Fourth Circuit has held that the Speedy Trial Act is not in effect until such time as the defendant is taken into federal custody. In a case similar to the one at hand, the Fourth Circuit held that the "fact that [the defendant] was later arrested federally does not transform his state arrest and charge into a federal action under the [Speedy Trial] Act." United States v. Williamson, 85 F. App'x 943, 945

(4th Cir. 2004) (citing United States v. Taylor, 240 F.3d 425, 427-28 (4th Cir. 2001) (the fact that federal authorities participated with state authorities does not transform state arrest into a "federal arrest."). The facts of the present case clearly show that Defendant was not arrested by federal officials until after his indictment by a federal grand jury. Accordingly, the fact that Defendant was previously arrested on state charges and federal law enforcement officers participated in that investigation is of no moment. Defendant's motion to dismiss based on his alleged denial of his federal statutory right to a speedy trial is denied.

Order (#23), at pp. 5-6. Judge Thornburg's prior resolution of the identical issue is law of the case and there has been no showing that case law has or would alter such resolution. Judge Thornburg's decision should provide defendant with insight as to why this theory is without merit. The undersigned will, therefore, recommend that this Motion to Dismiss be denied based on law of the case.

### 8. Motion to Challenge Validity of 1993 Conviction

Defendant again attempts to challenge a prior conviction. For the reasons discussed above, this should be raised in his objections to the PSIR. This motion will be denied without prejudice.

### 9. Motion for Downward Departure

The defendant's motion for a downward departure is also not yet ripe. The appropriate time to address this issue will be at his sentencing. This motion will be denied without prejudice.

### F. Defendant's Motion for Issuance of Subpoenas Duces Tecum (#118)

The court has previously described the procedure for seeking court assistance in the issuance of subpoenas by a person who cannot afford to pay for service of subpoenas. This motion will be denied without prejudice.

### G. Defendant's Motion for a New Trial under the Cumulative Application of FRCrP 33(a), 48, and LRCrP WDNC 47.1(h) (#119)

At the hearing, defendant withdrew the aspects of this motion involving documents from PAYPAL. In effect, defendant attempts to challenge, after trial, a search of his residence in 2007 by state authorities, purportedly based on his alleged status as a sex offender. Defendant has not shown that this motion is based on any new evidence and he has not shown any reason why a motion to suppress was not filed before trial. Defendant filed his motion over five months after he was found guilty; thus, his motion is untimely and the undersigned will recommend that it be denied.

### H. Defendant's Motions for Sanctions Against the U.S. Attorney (#120)

The defendant's motion for sanctions fails to even ask for any particular sanction. More importantly, his claims are not supported by citation to any credible evidence. Defendant alleges that Detective Patricia Redden, a state officer, stormed his home and conducted a warrantless search. The only evidence of record is that Detective Redden participated in the search of defendant's home on March 6, 2008,

pursuant a warrant issued by this court.   <u>See</u> Motion to Suppress (#82), at p. 1.  In that pretrial motion, defendant alleged through counsel as follows:

> 2.     On March 6, 2008, federal, state and local law enforcement officers searched Mr. Burgess' Hendersonville residence. Incriminating evidence was seized.

> 3.     During the search, Mr. Burgess engaged in a brief conversation with Henderson County Sheriff's Office Detective Corporal Patricia Redden. Mr. Burgess discussed sex offenses for which he had been prosecuted in South Carolina.

<u>Id.</u>, at ¶¶ 2-3.

Defendant also alleges that he was terminated from the North Carolina Sex Offender Registry. He supports this allegation with an exhibit. This exhibit actually reflects Detective Redden's update to the defendant's registration information to show that his whereabouts were "unknown."   There is also no support for defendant's allegation that Detective Redden falsely input information as the government has clearly shown that the date and location of the conviction indicated are accurate in defendant's Second Exhibit.

There is absolutely no basis for this motion and it will be denied.

## ORDER

**IT IS, THEREFORE, ORDERED** that defendant's

(1)     Motion for Materials Under Brady and Bagley (#108) is denied;

(2)     Motion to Compel Production of Documents (#115) is denied;

(3)     Motion for Request for Instructions from Clerk of Court Concerning Method to Subpoena Documents (#116) is denied without prejudice;

(4)     Motion of Defendant for Issuance of Subpoenas Duces Tecum (#118), filed April 29, 2010, is denied without prejudice;

(5)     Motion for Sanctions Against the U.S. Attorney (#120) is denied; and

(6)     the non-dispositive motions contained in Motions of Defendant (#117) are resolved as follows:

     a.     Motion for Evidentiary Hearing on Local Rule 47.1(h) Pleading is denied;

     b.     Motion to Exclude Prior Convictions Because of Constitutional Defects is denied without prejudice as improvidently filed and not ripe.  Defendant should bring these contentions as objections to the PSIR;

     c.     Motion to Challenge Validity of 1993 Conviction is denied without prejudice and should be raised as an objection to the PSIR; and

     d.     Motion for Downward Departure is denied without prejudice to raising such request at sentencing.

# RECOMMENDATION

**IT IS RESPECTFULLY RECOMMENDED** that defendant's

(1)     Motion to Dismiss Count 1 + 2 of the Indictment and Subsequent Conviction -Double Jeopardy (#109) be denied;

(2)     Motion to Dismiss Count 2 of the Indictment and Subsequent Conviction -Ex Post Facto Violation (#110) be denied;

(3)     Motion for a New Trial Under the Cumulative  Application of FRCrP 33(a), 48, and LRCrP WDNC 471.1(h)" (#119) be denied; and

(4)     the dispositive motions contained in Motions of Defendant (#117) be resolved as follows:

     a.     Motion to Dismiss - Prosecutorial Misconduct be denied;

     b.     Motion to Dismiss - Prosecutorial Misconduct be denied without prejudice as to raising the underlying issue concerning a prior conviction as an objection to the PSIR;

     c.     Motion To Dismiss - Fed.R.Crim.P. 52(b) be denied;

     d.     Motion to Dismiss - Prosecutorial Misconduct Rule 52B/Local Rule 47.1(h) be denied; and

     e.     Motion to Dismiss - Prosecutorial Misconduct be denied based on law of the case.

### Time for Objections

The parties are hereby advised that, pursuant to 28, United States Code, Section 636(b)(1)(C), and Rule 72, Federal Rules of Civil Procedure, written objections to the findings of fact, conclusions of law, and recommendation contained herein must be filed within **fourteen (14)** days of service of same. **Responses to the objections must be filed within fourteen (14) days of service of the objections.** Failure to file objections to this Memorandum and Recommendation with the district court will preclude the parties from raising such objections on appeal. <u>Thomas v. Arn</u>, 474 U.S. 140 (1985), <u>reh'g</u> <u>denied</u>, 474 U.S. 1111 (1986); <u>United States v. Schronce</u>, 727 F.2d 91 (4th Cir.), <u>cert</u>. <u>denied</u>, 467 U.S. 1208 (1984).

Signed: May 27, 2010

Dennis L. Howell
United States Magistrate Judge