# IN THE DISTRICT COURT OF THE UNITED STATES
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# ASHEVILLE DIVISION
# 1:09CR17

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) SECOND |
| | ) MEMORANDUM AND |
| Vs. | ) RECOMMENDATION, |
| | ) AND ORDER |
| ALBERT CHARLES BURGESS. | ) |
| _____ | ) |

**THIS MATTER** is before the court on the specific direction of the district court referring all pending motions to the undersigned. Since the previous hearing and Memorandum and Recommendation, plaintiff has filed the following motions:

(1) Motion for Hearing (#122);

(2) Motion for Relief from Waiver (#123);

(3) Motion for Extension of Time to File Response/Reply as to Memorandum and Recommendations, Order, Terminate Motions (#128);

(4) Motion to Compel (#128);

(5) Motion for Transcripts at Government Expense (#128);

(6) Motion to Quash (#129);

(7) Motion to Order New PSIR (#129);

(8) Motion for Release of Brady Materials (#130);

(9) Motion for Miscellaneous Reliefs [*sic*] (#134);

(10) Motion for Hearing (#135); and

(11) Motion to Issue Subpoena Duces Tecum at Government Expense (#136).

From the outset, defendant, who is proceeding *pro se*, has been cautioned in court that between conviction and sentencing, it is crucial that he concentrate on any objections he has to the PSIR. This is not the time to assert appellate arguments or to attack his conviction under 28 U.S.C. § 2255. Defendant is again cautioned that by raising appellate and Section 2255 issues prematurely, not only is he causing delay in the court reaching issues that may be relevant and important to him for sentencing, he is tipping his hand. Defendant is again cautioned to use the time that remains before sentencing wisely, as the time to contest this conviction– which appears to be the prevailing theme of most of the motions – has not yet begin to run.

Having carefully considered the foregoing motions, the undersigned enters the following recommendation and Order.[1]

## FINDINGS AND CONCLUSIONS

### I. Background

Defendant was convicted on November 18, 2009, on both counts contained in the indictment. In Count One, defendant was charged with possessing materials involving the sexual exploitation of minors, 18 U.S.C. §§ 2252(a)(4)(B) and (b)(2),

---

[1] The United States Attorney is advised that she will not be required to file further responses, unless directed by the court, to what appear to be repetitive filings by the defendant. Of course, responses are welcome.

which carries a penalty of not less than 10 years and not more than 20 years imprisonment and a $250,000.00 fine. In Count Two, defendant was charged with knowingly receiving by computer visual depictions, the production of which involved the use of a minor engaging in sexually explicit conduct, 18 U.S.C. §§ 2252(a)(2) and (b)(1), which carries a penalty of not less than 15 years and not more than 40 years imprisonment and a $250,000.00 fine. Defendant is in custody awaiting sentencing.

After trial and after defendant's trial counsel had filed appropriate post-trial motions, defendant filed *pro se* his Motion to Be Allowed to Be His own Co-Counsel (#97). The district court denied this motion in its February 19, 2010, Order (#101), but advised defendant that he does have the constitutional right to represent himself. Id., at p. 1. On March 26, 2010, defendant filed his Motion to Represent Himself (#104), which the district court referred to the undersigned for disposition. A hearing on such motion was conducted on April 14, 2010, and the court allowed defendant's request but appointed trial counsel as stand by counsel for defendant. See Order (#111). After defendant filed such motion, but before it was allowed, the Presentence Investigation Report ("PSIR") was filed with the court on April 1, 2010, and the court allowed defendant's *pro se* Motion to Enlarge the time to respond to the PSIR up to an including April 28, 2010.

On or about May 12, 2010, the district court referred all of defendants' post-trial motions to the undersigned for entry of decision as to non-dispositive motions and recommendations as to any dispositive motions. A motions hearing was held on May 20, 2010.

Since the undesigned entered the first recommendation, defendant has filed nine motions in 13 days.

## II. Discussion

The court has carefully considered the arguments and written materials submitted. Defendant's motions will be discussed *seriatim*.

### 1. Motion for Hearing (#122)

In this motion, defendant requests a hearing on the validity of his prior convictions. This motion seeks relief where no relief is required. Assuming that defendant has properly objected to the use of prior convictions in calculation of a Guidelines Sentence, defendant can be heard at the sentencing hearing. Such motion will be denied as the sought-for-hearing is included in the sentencing hearing.

### 2. Motion for Relief from Waiver (#123)

This motion is a corollary to defendant's earlier Motion to Dismiss Count 1 + 2 of the Indictment and Subsequent Conviction-Double Jeopardy (#109), which the undersigned recommended be denied. In this motion, defendant seeks to overcome

4

his waiver of the Double Jeopardy argument by contending that the government prosecuted this matter in bad faith. In the earlier recommendation, the undersigned specifically recommended as follows:

> Because Count One and Count Two of the Indictment address separate actions involving different images and videos on different days, the undersigned must recommend, in the alternative to waiver, that defendant's Motion to Dismiss Counts 1 and 2 be denied as a matter of law as there is no fifth amendment violation.

Thus, even if defendant could establish a basis for waiver,[2] his substantive argument for dismissal is meritless as a matter of law. The undersigned will recommend that this motion be denied.

### 3. Motion for Extension of Time to File Response/Reply as to Memorandum and Recommendations, Order, Terminate Motions (#128)

Defendant seeks a 15 day extension of time to file objections to the undersigned's May 28, 2010, Memorandum, Recommendation, and Order. This motion will be allowed and defendant will be allowed up to and inclusive of June 30, 2010, to file such objections.

### 4. Motion to Compel (#128)

---

[2] Defendant has in no manner shown that the government prosecuted this case in bad faith.

In this motion, defendant seeks to compel his stand-by counsel to file the affidavit he promised to file with the court by May 26, 2010. The court is unsure why counsel failed to file the affidavit as he stated he would; however, the undersigned is hesitant to compel such production as Mr. Devereux may have had a strategic reason related to the zealous representation of defendant to not do so. The court will, therefore, required Mr. Devereux to either filed the affidavit or a statement with the court that he has elected not to do so for strategic reasons. In any event, the court notes that such affidavit was not needed for decision and was apparently intended to provide the court with evidence concerning what steps were taken by his office in regards to providing defendant with trial clothing. As a tenured and well respected officer of the court, the court noted well Mr. Devereux's statements and accepted them even without affidavit as to his recollections as to what occurred and what he did. The Motion to Compel will be denied, but Mr. Devereux will be required to either follow through on his in-court promise or advise the court why he cannot now do so.

**5.    Motion for Transcripts at Government Expense (#128)**

In this request, defendant seeks three transcripts: (1) a hearing before Judge Thornburg concerning the Motion for Speedy Trial; (2) the trial; and (3) the hearing held on May 20, 2010. Inasmuch as the speedy trial hearing and resulting order were referenced in the earlier recommendation, this request will be allowed. Inasmuch as

the recommendation is pending for review by the district court, the request for a transcript of the hearing held on May 20, 2010, will be ordered. Defendant has not, however, provided any reason why he needs a transcript of the trial at this point, and the court notes that portions of the trial implicated by his earlier motions have been produced. Thus, the court finds it premature to order a complete trial transcript, especially since defendant has provided no reason in support of such request and none is readily discernable in the present motions.

6. **Motion to Quash (#129)**

In this motion, defendant argues that new PSIR should be ordered because it is "so biased that it too is not only obsolete but completely unfair in the administration of justice." Docket Entry #129, at p. 1. This motion will be denied and defendant again advised that the method for contesting <u>any</u> finding, conclusion, calculation, or statement contained in the PSIR is to file a specific objection. Attacking the professionalism of an officer of this court through unsupported allegations of bias is wholly improper and will not be countenanced. This motion will be denied.

7. **Motion to Order New PSIR (#129)**

In this motion, defendant asks that the court "order a team of local professionals to put together a new PSIR with a goal of a truthful and objective report . . . ." <u>Id.</u>, at pp. 1-2. Again, unsupported attacks on employees of the court will not be tolerated

7

and plaintiff must comprehend that the officers who research, write, and approve the report are all *judicial* employees, whose only mission is to provide the court with accurate sentencing information. Thus, the court already has in place "a team of local professionals." This motion will be denied as meritless.

8.     **Motion for Medical/Mental Health Treatment (#129)**

While mentioning that "§3552(c) provides the vehicle to do a psychological/psychiatric evaluation," defendant does not further elaborate on any mental issues he is facing, rather, he complains about the medical treatment he is receiving while in the care of the United States Marshal pending sentencing. He complains that he is losing his hearing and eyesight, that his neuropathy is being given "only cursory maintenance," and that his depression is worsening. Id., at p. 2. He further states that it would be unfair to have him bussed or flown all around the country for treatment because he is proceeding *pro se*.

Title 18, United States Code, Section 4086, provides that "United States Marshals shall provide for the safekeeping of any person arrested, or held under authority of any enactment of Congress pending commitment to an institution." 18 U.S.C. § 4086; see also 28 C.F.R. § 0.111(k). What medications or treatment a defendant may or may not need are left to the sound discretion of the United States Marshal, who contracts with jail facilities or doctors and other medical personnel to

evaluate the needs of each detainee. Just as in the private world, one doctor may believe a patient needs one type of medication while another doctor at another institution may believe a patient needs another medication. A federal court simply lacks jurisdiction in the criminal case to determine what is or is not appropriate care. Instead, federal courts only have civil authority in such matters as provided in Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403U.S. 388 (1971), Carlson v. Green, 446 U.S. 14 (1980), and as specified in the Federal Torts Claims Act. See Petrazzoulo v. U.S. Marshals Service, 999 F.Supp. 401, 406 (W.D.N.Y. 1998). Because the care of a custodial defendant is left to the sound discretion of the Marshal, who is ultimately responsible for defendant's well being, the court takes no role in determining what is or is not the appropriate care.

Concerns as to the care of defendant should be addressed to his custodian, the United States Marshal. Defendant is advised, however, that the United States Marshal for this district provides top-notch care for persons in his custody and has gone to great lengths and expense to insure that the medical needs of detainees are met. A courtesy copy of this Order and the underlying motion will, however, be sent to the United States Marshal.

Finally, the court specifically recalls discussing with defendant his medications at the May 20, 2010, hearing. Not only did such medication not interfere with his

ability to comprehend the proceeding, the court recalls that defendant was very engaged in discussing the multiple motions and appeared as competent to proceed. The court also recalls that defendant had no perceptible trouble hearing the court or reading materials that were handed to him by the United States Attorney.

Finally, the court noticed no *indicia* of any mental deficit as defendant was lucid in his arguments, logical in his reasoning, and was able to conform himself in a manner appropriate to the serious nature of the proceeding.

This motion will be denied.

9.      **Motion for Release of *Brady* Materials (#130)**

While style in the docket as a "Motion," close review of this pleading reveals that it is actually a "*Brady* Request" addressed "To: The U.S. Attorney." As such, it is not a motion that seeks affirmative relief from the court and will denied as non-justiciable. In any event, the court has previously found that the government has fully complied with its obligations under Brady and its progeny and is quite confident that the government will continue to turn over materials as they become available.

10.     **Motion for Miscellaneous Reliefs [*sic*] (#134)**

This motion contains a number of motion, which will be addressed *seriatim*.

A.      **Motion to Dismiss the Prosecution Rule 52-B-FRCP**

In this motion, defendant contends that his right to due process was violated by the Clerk of court when she failed to "sign subpoenas presented to her, by Devereux, the day the trial started." Id. Defendant states that such refusal by the Clerk prevented him from putting on an entrapment defense. Id. While he does not specify in this motion to whom the subpoenas were directed, the court assumes they were subpoenas to PayPal and to his internet provider.

In this motion, defendant mentions Rule 52(b), Fed.R.Crim.P. Review of the substance of such request reveals that he is actually making what would now be a third motion for a new trial. Inasmuch as defendant's trial concluded on November 18, 2009, a motion for new trial based on anything other than newly discovered evidence must be filed within seven days after the verdict. United States v. Smith, 62 F.3d 641, 648 (4th Cir.1995). This motion is, therefore, time barred. While the totality of the pleadings reveals that defendant is searching for new evidence, the motion cannot be construed to be a claim for a new trial based on newly discovered evidence.

Finally, to the extent defendant may be alleging that counsel was ineffective by failing to submit the Rule 17 subpoenas within the time required by Local Criminal

Rule 17.2,[3] defendant is advised that such issue should be raised in any Section 2255 petition he may later file.

The undersigned will recommend that this motion be denied. [4]

### B. Motion to Quash

This motion appears to concern alleged communications between the United States Attorney and prosecutors in York County, Pennsylvania. Defendant contends that because the United States Attorney stated that there was no other communication, the court should "quash the introduction of any further communication from the York, Pa. D.A.'s office." Id., at p. 2.

This court is not familiar with any procedure whereby a court may simply "quash" the use of any statements. There is a specific procedure available for the defendant to use, pre-trial, to move to suppress the use of evidence unconstitutionally obtained, but this matter is long past trial. To the extent defendant is attempting to

---

[3] Currently, LCrR 17.2, provides as follows:
**SUBPOENAS IN CRIMINAL CASES.**
**Requests For Subpoenas Where Defendant Is Unable To Pay.** All defense motions that seek service of subpoenas by the United States Marshal at government expense must be filed with the Court at least fourteen (14) days in advance of either the hearing date or the first day of the term of Court, whichever date is earlier, for which the witness's presence is being requested. Any subpoena request not made at least fourteen (14) days in advance of the applicable date may be denied as untimely. Upon a finding of good cause, however, a judicial officer may elect to honor an untimely subpoena request.

[4] While a motion for new trial is not dispositive, the undersigned believes it to be appropriate to make a recommendation rather than enter an Order on this matter as the decision to grant a new trial is always within the sound discretion of the district court.

prohibit the government from using statements at sentencing defendant should object at the sentencing hearing to such use. To the extent he is attempting to challenge statements that may (or may not) be referenced in the PSIR and brought in as either relevant or offense behavior not part of relevant conduct, defendant is advised that he needs to raise such in the form of an objection to the PSIR. Finally, to the extent defendant is objecting to the government's use of statements at trial as a Brady violation, he can raise such issues on appeal.

This motion will be denied.

  **C. Motion for a New Trial, Prosecutorial Misconduct, Motion to Dismiss All Convictions, Fraud Upon This Court**

This motion appears to be based on a recurring theme, one that the undersigned specifically addressed in the first recommendation. Defendant again takes issue with Agent Wilhelm's trial testimony, this time making arguments concerning Agent Wilhelm "restoring" defendant's computer. Previously, defendant filed a like motion concerning the alleged "crash" of his computer, and the undersigned recommended that such motion be denied as there was no testimony that his computer had crashed. Rather, Agent Wilhelm used what appears to be a term of art, "restoring," to describe how he forensically copied certain images that were on defendant's computer to a government computer so that such could be reviewed. Agent Wilhelm testified as follows:

> Yes. On this particular case, I did an extra step, where we take the image, forensic image, and we restore it in a piece of software that can give us a representation of what the computer would look like were we sitting at the actual hardware.

Partial Trial Transcript, at p. 71. Defendant takes issue in this motion by contending that no mention was made in discovery that Agent Wilhelm "restored" his computer.

While the undersigned is not privy to the government's discovery production, this motion is not appropriate at this time. The time for a new trial has passed, and if defendant believes the government has violated *Brady*, he may certainly raise that issue on appeal.

Again defendant is cautioned that terms such a "prosecutorial misconduct" and "fraud upon the court" should not be so easily used as there is absolutely no indicia that either has occurred in this case. As discussed in the previous recommendation, the government has made an unrebutted showing that it turned over all materials to his attorney prior to trial and has since trial turned over any additional material it has received. The undersigned will recommend that this motion be denied.

11. **Motion for Hearing (#135)**

In this motion, defendant seeks an evidentiary hearing concerning the issue of whether potential jurors saw him in leg irons prior to or during jury selection. Section 2255 provides a method for defendant to seek an evidentiary hearing; however, this proceeding has not yet reached such point as judgment has not yet been entered.

14

While defendant can certainly memorialize his own recollections as to what occurred by way of affidavit, and ask his attorney to do the same, conducting a hearing on that matter would be premature before entry of judgment. See 28 U.S.C. § 2255.[5] Such may also be an issue for appeal, but there simply is no relief that can be afforded to defendant at this time on such contention.

He also seeks an evidentiary hearing concerning whether his computer crashed and the government "restored" such system. This motion raises the same issues as previously discussed concerning Agent Wilhelm's testimony, the time for a new trial has passed, and if defendant believes the government has violated *Brady*, he may certainly raise that issue on appeal.

This motion will be denied.

**12.    Motion to Issue Subpoena Duces Tecum at Government Expense (#136).**

The court has conducted a review of this motion in accordance with Rule 17, Federal Rules of Criminal Procedure. In pertinent part, Rule 17(b) provides:

---

[5]    "A prisoner in custody *under sentence of a court* established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence." 28 U.S.C. § 2255(a).

> The court shall order at any time that a subpoena be issued for service on a named witness upon an *ex parte* application of a defendant upon a satisfactory showing that the defendant is financially unable to pay the fees of the witness and the presence of the witness is necessary to an adequate defense.

Fed.R.Crim.P. 17(b). The practice in this district has been to require either a brief statement as to the substance of the testimony or a statement as to relevance and materiality of the testimony of the witness. Defendant has substantially complied with the requirement of a brief statement and has further provided an adequate address for use by the United States Marshal in service of the subpoena.

As a logistical matter, the court will delegate to stand-by counsel, Mr. Devereux, the duty to insure that any subpoenas allowed pursuant to this order be filled out, issued by the Clerk of Court, and delivered to the United States Marshal for service forthwith. The costs incurred by the process and the fees of the witnesses so subpoenaed shall be paid in the same manner in which similar costs and fees are paid in the case of a witness subpoenaed on behalf of the government. Defendant is advised that use of stand-by counsel in this regard is intended so that such subpoenas may be filled out in a manner that makes them regular in appearance and form, which would likely be beneficial to defendant.

**ORDER**

**IT IS, THEREFORE, ORDERED** that defendant's

(1) Motion for Hearing (#122) is denied;

(2) Motion for Extension of Time to File Response/Reply as to Memorandum and Recommendations, Order, Terminate Motions (#128) is allowed, and defendant is granted until June 30, 2010, to so object;

(3) Motion to Compel (#128) is denied, but Mr. Devereux is required to either follow through on his in-court promise or advise the court why he cannot now do so within seven days of the date of the signing of this document;

(4) Motion for Transcripts at Government Expense (#128) is allowed in part and denied in part as follows:

- (a) as to the hearing before Judge Thornburg concerning the Motion for Speedy Trial, a transcript is hereby ordered;
- (b) as to the trial, such is denied without prejudice; and
- (c) as to the hearing held on May 20, 2010, such is allowed and hereby ordered;

(5) Motion to Quash (#129) is denied;

(6) Motion to Order New PSIR (#129) is denied as it is without merit;

(7) Motion for Medical/Mental Health Treatment (#129) is denied

(8) Motion for Release of Brady Materials (#130) is denied as non-justiciable;

(9) Motion to Quash contained within the Motion for Miscellaneous Reliefs [*sic*] (#134) is denied;

(10) Motion for Hearing (#135) is denied without prejudice; and

(11) Motion to Issue Subpoena Duces Tecum at Government Expense (#136) is allowed, and stand-by counsel, Mr. Devereux, shall insure that any subpoenas allowed pursuant to this order be filled out, issued by the Clerk of Court, and delivered to the United States Marshal for service forthwith. The costs incurred by the process and the fees of the witnesses so subpoenaed shall be paid in the same manner in which similar costs and fees are paid in the case of a witness subpoenaed on behalf of the government. Mr. Devereux shall accomplish this administrative task within seven days of the signing of this document.

## RECOMMENDATION

**IT IS RESPECTFULLY RECOMMENDED** that defendant's

(1) Motion for Relief from Waiver (#123) be denied;

(2) Motion for Miscellaneous Reliefs [*sic*] (#134) be denied as follows:

(A) Motion to Dismiss the Prosecution Rule 52-B-FRCP be denied; and

(B) Motion for a New Trial, Prosecutorial Misconduct, Motion to Dismiss All Convictions, Fraud Upon This Court be denied.

**Time for Objections**

The parties are hereby advised that, pursuant to 28, United States Code, Section 636(b)(1)(C), and Rule 72, Federal Rules of Civil Procedure, written objections to the findings of fact, conclusions of law, and recommendation contained herein must be filed within **fourteen (14)** days of service of same. **Responses to the objections must be filed within fourteen (14) days of service of the objections.** Failure to file objections to this Memorandum and Recommendation with the district court will preclude the parties from raising such objections on appeal. Thomas v. Arn, 474 U.S. 140 (1985), reh'g denied, 474 U.S. 1111 (1986); United States v. Schronce, 727 F.2d 91 (4th Cir.), cert. denied, 467 U.S. 1208 (1984).

**Inasmuch as this recommendation and order requires *stand-by* counsel to accomplish a number of tasks, the Clerk of this court is respectfully requested to advise Mr. Devereux of the filing of this Order by telephone in addition to service through ECF.**

Signed: June 14, 2010

Dennis L. Howell
United States Magistrate Judge