UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
1:15-cv-00156-FDW
(1:09-cr-17-GCM-DLH-1)

| | | |
|---|---|---|
| ALBERT CHARLES BURGESS, JR., | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| ATTORNEY GENERAL | ) | |
| OF THE UNITED STATES, | ) | |
| | ) | |
| Respondent. | ) | |

**THIS MATTER** is before the Court on consideration of the petition filed pursuant to 28 U.S.C. § 1651 wherein Petitioner contends that he is being illegally detained in violation of the laws of the United States.

On November 18, 2009, a jury convicted Petitioner in this district on one count of possession of materials involving the sexual exploitation of minors, in violation of 18 U.S.C. § 2252(a)(4)(B) (Count 1), and one count of knowingly receiving computer visual depictions, the production of which involved the use of a minor engaging in sexually explicit conduct, in violation of 18 U.S.C. § 2252(a)(2) (Count 2). The Court entered judgment on August 27, 2010, and sentenced Petitioner to a term of 240-months on Count 1 and a term of 292-months' imprisonment on Count 2 with such terms to run concurrently. (Criminal Case No. 1:09-cr-17-GCM, Doc. No. 185: Judgment in a Criminal Case). Petitioner's convictions were affirmed on appeal and his sentence was affirmed in all respects save for the award of restitution which the Fourth Circuit vacated and the case was remanded for a calculation of any damages the

1

Petitioner may have proximately caused to the victim. United States v. Burgess, 684 F.3d 445 (4th Cir.), cert. denied, 133 S. Ct. 490 (2012).

On February 26, 2015, the Court dismissed his motion to vacate his sentence which he filed *pro* se pursuant to 28 U.S.C. § 2255, and the Fourth Circuit dismissed his appeal. See United States v. Burgess 604 F. App'x 268 (4th Cir. May 22, 2015). On July 24, 2015, Petitioner's present petition under 28 U.S.C. § 1651 was docketed and assigned to this Court.

Under the All Writs Act, as codified in § 1651, federal courts are empowered to "issue all writs necessary or appropriate in aid of their respective jurisdictions and agreeable to the usages and principles of law." However, petitioners are precluded from proceeding under § 1651 when their claims are cognizable under § 2255. See Ortiz v. United States, 555 F. App'x 261, 262 (4th Cir. 2014) (unpublished) (citing United States v. Rhines, 640 F.3d 69, 72 (3d Cir. 2011); United States v. Gamboa, 608 F.3d 492, 494-95 (9th Cir. 2010)). As explained by the Supreme Court, § 1651 "is a residual source of authority to issue writs that are not otherwise covered by statute," and, "[w]here a statute specifically addresses [a] particular issue . . ., it is that authority, and not the All Writs Act, that is controlling." Ortiz, supra (quoting Carlisle v. United States, 517 U.S. 416, 429 (1996) (internal quotation marks omitted).

Petitioner's challenge to the legality of his criminal judgment and present confinement are precisely the claims which must be pursued under § 2255. Accordingly, for the foregoing reasons the Court finds that Petitioner's § 1651 petition should be denied.

**IT IS, THEREFORE, ORDERED** that Petitioner's § 1651 petition is **DENIED**. (Doc. No. 1).

The Clerk of Court is respectfully directed to close this civil case.

**IT IS SO ORDERED.**

Signed: August 3, 2015

Frank D. Whitney
Chief United States District Judge