# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
## ASHEVILLE DIVISION
## CIVIL ACTION NO. 1:09-CR-00017-GCM-DLH

| | |
|---|---|
| USA, | )  |
| **Plaintiffs,** | ) |
| v. | ) **ORDER** |
| ALBERT CHARLES BURGESS, | ) |
| **Defendants.** | ) |

**THIS MATTER** is before the Court on Defendant Albert Burgess's Motion for Unredacted Trial Transcripts (Doc. No. 316) and Motion to Set Aside the Sentence Conviction for Misconduct (Doc. No. 317). For the following reasons, Defendant's Motions are **DENIED**.

In his Motion for Unredacted Trial Transcripts, Defendant argues that there was a conspiracy to alter his trial transcripts, and requests that the Court order he be provided with unredacted transcripts or a recording of his trial. (Doc. No. 316) Defendant has presented no evidence to support these allegations, and his Motion will therefore be denied.

In his Motion to Set Aside the Sentence and Conviction for Misconduct by the Court, Defendant asks that the Court (1) recuse itself from his proceedings, and (2) vacate his conviction and sentence. (Doc. No. 317)

Title 28 U.S.C. § 455 governs disqualification of federal district court judges. In pertinent part, the statute provides:

> (a) Any justice, judge, or magistrate judge of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned.
> (b) He shall also disqualify himself in the following circumstances:
> (1) Where he has a personal bias or prejudice concerning a party, or personal knowledge of disputed evidentiary facts concerning the proceeding....

*Id*.

Disqualification is required if a reasonable factual basis exists for doubting the judge's impartiality. *Rice v. McKenzie*, 581 F.2d 1114, 1116 (4th Cir. 1978). "A presiding judge is not, however, required to recuse himself simply because of 'unsupported, irrational or highly tenuous speculation.'" *United States v. DeTemple*, 162 F.3d 279, 287 (4th Cir.1998).

In the Fourth Circuit, the standard outlined in subsection (a) is analyzed objectively by determining whether a reasonable person with knowledge of the relevant facts and circumstances might question the judge's impartiality. *See United States v. Cherry*, 330 F.3d 658, 665 (4th Cir. 2003). The "reasonable person" is a "well-informed, thoughtful observer," who is not "hypersensitive or unduly suspicious." *Rosenberg v. Currie*, No. 0:10–1555–DCN–PJG, 2010 WL 3891966, at *1 (D.S.C. Sept. 3, 2010) (quoting *In re Mason*, 916 F.2d 384, 386 (7th Cir.1990)).

With regard to subsection (b)(1), bias or prejudice must be proven by compelling evidence. *Brokaw v. Mercer County*, 235 F.3d 1000, 1025 (7th Cir. 2000). Additionally, the movant must demonstrate a bias that is extrajudicial or personal in nature. *Lindsey v. City of Beaufort*, 911 F.Supp. 962, 967 n. 4 (D.S.C. 1995). This means that recusal is not warranted "if the alleged bias is 'merely based upon the judge's rulings in the instant case.'" *Farmer v. United States*, Nos. 5:10–CR–271–FL–3, 5:12–CV–725–FL, 2013 WL 3873182, at *2–3 (E.D.N.C. July 25, 2013) (quoting *United States v.Carmichael*, 726 F.2d 158, 160 (4th Cir.1984)).

Here, Defendant has not met his burden of showing that recusal is appropriate. Defendant has presented nothing more than conclusory allegations of the Court's bias or prejudice against him, and simply repeats the allegations of an earlier motion for recusal filed in his parallel § 2255

proceedings. (*See Burgess v. United States,* 1:12-cv-375, Doc. No. 66) Accordingly, there is no basis for the Court to recuse itself or to vacate Defendant's conviction and sentence.

**IT IS THEREFORE ORDERED** that Defendants Motions are **DENIED.**

**SO ORDERED.**

Signed: February 8, 2016

Graham C. Mullen
United States District Judge