UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
1:18-cv-158-GCM
(1:09-cr-17-GCM-DLH-1)

| | | |
|---|---|---|
| ALBERT C. BURRESS, JR.,[1] | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| vs. | ) | ORDER |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

**THIS MATTER** is before the Court on Petitioner's Motion for Sanctions Motion to Compel Discovery Motion to Charge Perjury and Conspiracy, which was docketed in the instant civil case as a Motion to Vacate, Set Aside or Correct Sentence under 28 U.S.C. § 2255, (Doc. No. 1).

## I. BACKGROUND

Petitioner was found guilty by a jury of possession of materials involving the exploitation of minors and knowingly receiving visual depictions of minors by computer which involved sexually explicit content, for which the Court sentenced him to a total of 292 months' imprisonment, and ordered restitution. (1:09-cr-17, Doc. Nos. 1, 185). The Fourth Circuit affirmed the conviction and sentenced but remanded for reconsideration of the restitution award. United States v. Burgess, 684 F.3d 445 (4th Cir. 2012). The United States Supreme Court denied certiorari. United States v. Burgess, 133 S.Ct. 490 (2012).

---
[1] A/K/A Albert Charles Burgess, A/K/A Albert Charles Burgess, Jr.

1

Petitioner filed a § 2255 Motion to Vacate on November 15, 2012, case number 1:12-cv-375, that the Court denied and dismissed. Burgess v. United States, 2015 WL 847443 (W.D.N.C. Feb. 26, 2015). The Fourth Circuit denied a certificate of appealability and dismissed his appeal. United States v. Burgess, 604 Fed. Appx. 268 (4th Cir. 2015).

During the pendency of the § 2255 appeal and subsequent to its denial, Petitioner filed a series of post-conviction petitions in this Court pursuant to 28 U.S.C. § 1651. See 1:16-cv-410-GCM; 1:16-cv-377-FDW; 1:15-cv-179-FDW; 1:15-cv-156-FDW; 1:15-cv-135-FDW; 1:14-cv-47-FDW; 1:13-cv-340-MR. In each, Petitioner challenged the validity of the Judgment in the 2009 criminal case. The Court dismissed or denied each petition and explained that prisoners are precluded from proceeding under § 1651 when their claims are cognizable under § 2255. See Id.

Petitioner filed the instant petition on May 28, 2018, arguing that he was convicted based on perjured testimony and discovery violations as a result of the Government's intentional effort to imprison him for the rest of his life. He attaches to the petition allegedly exculpatory evidence that he obtained through the Freedom of Information Act, and he requests an extension of time to submit additional documents. (Doc. No. 1 at 10). He seeks an evidentiary hearing, discovery, the institution of criminal contempt proceedings against the two Assistant United States Attorneys who prosecuted his criminal case, release from custody, and any other relief the Court deems just and proper.

**II.     STANDARD OF REVIEW**

Pursuant to 28 U.S.C. § 2255, a prisoner in federal custody may move the court which imposed his sentence to vacate, set aside, or correct the sentence if it was imposed in violation of federal constitutional or statutory law, was imposed without proper jurisdiction, is in excess of

the maximum authorized by law, or is otherwise subject to collateral attack. 28 U.S.C. § 2255(a). However, "[a] second or successive motion must be certified...by a panel of the appropriate court of appeals to contain" either:

>    (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or
>
>    (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

28 U.S.C. § 2255(h).

"The court of appeals may authorize the filing of a second or successive application only if it determines that the application makes a prima facie showing that the application satisfies the requirements of this subsection." 28 U.S.C. § 2244(b)(3)(C). In the absence of pre-filing authorization, a district court lacks jurisdiction to consider an application containing abusive or repetitive claims. United States v. Winestock, 340 F.3d 200, 205 (4th Cir. 2003).

Rule 4(b) of the Rules Governing Section 2255 Proceedings provides that courts are to promptly examine motions to vacate, along with "any attached exhibits and the record of prior proceedings . . ." in order to determine whether the petitioner is entitled to any relief on the claims set forth therein. After examining the record in this matter, the Court finds that the argument presented by the Petitioner can be resolved based on the record and governing case law. See Raines v. United States, 423 F.2d 526, 529 (4th Cir. 1970).

### III. DISCUSSION

The instant petition attacks Petitioner's criminal judgment and seeks his release from custody. It is therefore construed as a § 2255 Motion to Vacate. See Andrews v. United States, 373 U.S. 334, 338 (1963) ("adjudication upon the underlying merits of claims is not hampered

3

by reliance upon the titles petitioners put upon their documents."); see generally United States v. Winestock, 340 F.3d 200, 206-07 (4th Cir. 2003) (stating in the context of a Rule 60(b) motion that "the proper treatment of the motion," *i.e.* whether it is construed as a successive § 2255 petition, "depends upon the claims presented."). Petitioner has previously filed a § 2255 petition that was resolved on the merits, he has not obtained leave from the Fourth Circuit to file the instant § 2255 Motion to Vacate,[2] and no intervening new judgment exists. Therefore, the Court dismisses the § 2255 Motion to Vacate for lack of jurisdiction. Petitioner's request for an extension of time to submit additional documents in support of his petition is denied as moot.

## IV. CONCLUSION

For the foregoing reasons, the instant petition is construed as a § 2255 Motion to Vacate, which the Court dismisses for lack of jurisdiction, and the incorporated request for an extension of time is denied as moot.

**IT IS, THEREFORE, ORDERED** that:

1. Petitioner's "Motion for Sanctions Motion to Compel Discovery Motion to Charge Perjury and Conspiracy" is construed as a Motion to Vacate, Set Aside or Correct Sentence under 28 U.S.C. § 2255, (Doc. No. 1), and is **DISMISSED** for lack of jurisdiction.

2. The incorporated request for an extension of time is **DENIED** as moot.

3. **IT IS FURTHER ORDERED** that pursuant to Rule 11(a) of the Rules Governing Section 2254 and Section 2255 Cases, this Court declines to issue a certificate of appealability. See 28 U.S.C. § 2253(c)(2); Miller-El v. Cockrell, 537 U.S. 322, 338 (2003) (in order to satisfy § 2253(c), a petitioner must

---

[2] Petitioner has previously sought, and been denied, leave to file a second or successive § 2255 Motion to Vacate on at least two occasions. See Fourth Circuit Case numbers 16-764, 17-366

4

demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong); <u>Slack v. McDaniel</u>, 529 U.S. 473, 484 (2000) (when relief is denied on procedural grounds, a petitioner must establish both that the dispositive procedural ruling is debatable and that the petition states a debatable claim of the denial of a constitutional right).

Signed: June 8, 2018

Graham C. Mullen
United States District Judge