# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# ASHEVILLE DIVISION
# CRIMINAL ACTION NO. 1:09-CR-00017-GCM-WCM

| | |
|---|---|
| UNITED STATES,<br><br>Plaintiff,<br><br>v.<br><br>ALBERT CHARLES BURGESS,<br><br>Defendant. | **ORDER** |

This matter comes before the Court upon two pro se motions for compassionate release/reduction of sentence (ECF Docs. 389 and 391) filed by Defendant Albert Charles Burgess, as well as an amendment to the first motion for compassionate release (ECF Doc. 395). The Government has filed a response to these motions (ECF Doc. 397), and Defendant filed a reply (ECF Doc. 401). These motions, now being fully briefed, are ripe for consideration, and the Court finds the following.

## I. BACKGROUND

In brief, Defendant was convicted of one count of possessing materials involving the sexual exploitation of minors, pursuant to 18 U.S.C. §§ 2252(a)(4)(B) and (b)(2), and one count of knowingly receiving by computer visual depictions the production of which involved the use of a minor engaging in sexually explicit conduct, pursuant to 18 U.S.C. §§ 2252(a)(2) and (b)(1). Defendant is currently serving a sentence of 292 months with a supervised release term of life to follow. The offense conduct leading to these convictions reveals a litany of disturbing facts regarding Defendant's access to and usage of certain commercial pornography websites, as well as his possession of thousands of images depicting child pornography.

Defendant filed these motions seeking compassionate release, on the basis of health concerns related to COVID-19, as well as certain other health conditions, including cataracts, four collapsed vertebrae causing leg pain and numbness, severe trabeculation, arthritis, Type II diabetes, a cyst on his left knee, and a badly swollen left foot. Defendant further contends that he is not receiving adequate medical care. The Government opposes these motions, first arguing that Defendant has failed to meet his burden of proving that he exhausted the necessary administrative requirements. The Government also argues that it is not appropriate to grant the motions on the basis of general COVID-19 concerns, that Defendant's health conditions are not terminal, nor do they limit his ability to care for himself, and that Defendant's claims of inadequate medical care are or will be moot.

## II. DISCUSSION

In relevant part, Title 18 of the United States Code, Section 3582, allows a defendant to file a motion seeking to modify his sentence for "extraordinary and compelling reasons," after the defendant has exhausted "all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf" or after thirty days have lapsed "from the receipt of such a request by the warden of the defendant's facility, whichever is earlier." 18 U.S.C. § 3582(c)(1)(A) (2018). If these exhaustion requirements are met, then the Court may reduce the term of imprisonment "after considering the factors set forth in section 3553(a) to the extent that they are applicable," if the court finds "extraordinary and compelling reasons warrant such a reduction . . . and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." *Id.* The defendant bears the burden of establishing that he or she is eligible for a sentence reduction. *United States v. Jackson*, No. 3:90-cr-85-MOC-DCK, 2021 WL 2226488, at *3 (W.D.N.C. June 2, 2021).

As to the "applicable policy statements" the court must review in considering a sentence reduction, the Fourth Circuit has recently concluded that, because the previously applicable policy statement was not updated to address changes made in the First Step Act, there are no current "applicable policy statements." *United States v. McCoy*, 981 F.3d 271, 282 (4th Cir. 2020). Therefore, courts are free to consider any extraordinary and compelling reasons when determining whether a sentence reduction is appropriate. *Id.* at 284. Nevertheless, while the previously applicable policy statement is no longer "applicable" according to that term as used in Section 3582, it is still considered a helpful guidance. *Id.* at 282 n.7.

Turning to the previously applicable policy statement, Section 1B1.13 of the United States Sentencing Guidelines, extraordinary and compelling reasons that may justify compassionate release include: (i) that "[t]he defendant is suffering from a terminal illness" or (ii) that the defendant is suffering from "a serious physical or medical condition," "a serious functional or cognitive impairment," or "experiencing deteriorating physical or mental health because of the aging process" which "substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility." U.S.S.G. § 1B1.13 cmt. n.1(A)(i)-(ii). The policy statement also specifies that, even if extraordinary and compelling reasons warrant a sentence reduction, the Court must also find that "the defendant is not a danger to the safety of any other person or to the community." *Id.* at § 1B1.13(2).

Here, the Government first argues that Defendant has not met his burden in showing that he exhausted the administrative requirements. Defendant's first motion for compassionate release claims that he filed for compassionate release with the Bureau of Prisons around August 2020. In his amendment to the motion, he states that he filed a motion with the warden in July 2020. No additional details are provided, and no documents were submitted to establish that he exhausted

his administrative requirements. The Court agrees with the Government that Defendant has not met his burden on this front.

Moreover, even if Defendant had adequately established that he exhausted his administrative requirements, he did not establish that extraordinary and compelling reasons justify a sentence reduction. The Government has shown that the BOP has detailed and thorough COVID-19 protocols and procedures that are designed to carefully mitigate the risks of COVID-19. Moreover, the Government has provided evidence that Defendant's health conditions are not so serious as to merit qualifying as extraordinary or compelling reasons for sentence reduction. Nevertheless, even if Defendant's health conditions did constitute "extraordinary and compelling reasons" for sentence reduction, after consideration of the relevant factors, the Court concludes that the balance of Section 3553 factors does not favor reducing Defendant's sentence.

Lastly, the Court notes that Defendant has repeatedly requested that the Court appoint counsel to represent him in these motions. However, there is no constitutional right to the appointment of counsel in post-conviction criminal motions such as this one. *See Pennsylvania v. Finley*, 481 U.S. 551, 555 (1987); *United States v. Williamson*, 706 F.3d 405, 416 (4th Cir. 2013). Courts have discretion to appoint counsel in proceedings under 18 U.S.C. § 3582 if the interests of justice so require. *United States v. Legree*, 205 F.3d 724, 730 (4th Cir. 2000). The Court does not find that the interests of justice so require in this case and declines to appoint counsel on Defendant's behalf.

### III. ORDER

**IT IS THEREFORE ORDERED** that, for the reasons indicated herein, Defendant's motions for compassionate release/reduction of sentence (ECF Docs. 389, 391, and 395) are **DENIED**.

**SO ORDERED.**

Signed: June 28, 2021

Graham C. Mullen
United States District Judge