IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
CRIMINAL ACTION NO. 1:09-CR-00017

| UNITED STATES OF AMERICA, | ) | |
|---|---|---|
| Plaintiff, | ) | |
| v. | ) | **ORDER** |
| ALBERT CHARLES BURGESS, | ) | |
| Defendant. | ) | |

This matter is before the Court on Defendant Albert Charles Burgess's pro se Motion for Compassionate Release. (Doc. No. 437). For the reasons stated below, Defendant's Motion is **DENIED**.

## I. BACKGROUND AND PROCEDURAL HISTORY

In 2010, Defendant was convicted of one count of knowingly receiving by computer visual depictions of which involved the use of a minor engaging in sexually explicit conduct and one count of possessing materials involving the sexual exploitation of minors in violation of 18 U.S.C. §§ 2252(a)(2) and (a)(4)(B). (Doc. No. 185). Defendant was subsequently sentenced to a total of 292 months' imprisonment, followed by a lifetime term of supervised release. (*Id.*)

Defendant has filed multiple motions for compassionate release, the most recent of which was denied on August 17, 2023. (Doc. No. 425). In that Order, the Court held that the Defendant failed to establish extraordinary and compelling reasons, and that even if he did, the factors listed in Section 3553(a) weigh against his release. The Fourth Circuit affirmed this Court's Order. *United States v. Burgess*, No. 23-6889, 2023 WL 7272356, at *1 (4th Cir. Nov. 3, 2023).

## II. DISCUSSION

### A. Standard of Review

A prisoner can seek compassionate release only after first applying to the Federal Bureau of Prisons for relief. 18 U.S.C. § 3582(c)(1)(A); *see United States v. Ferguson*, 55 F.4th 262, 268 (4th Cir. 2022). A defendant may "request[] the BOP to bring a motion" and then "fully exhaust[] all administrative rights to appeal" the Bureau's decision. *Ferguson*, 55 F.4th at 268. (brackets omitted). "[O]r," the Fourth Circuit has explained, he may "request[] the BOP to bring a motion" and then "wait[] 30 days from the date of his initial request." *Id*. Either way, he must "request[] the BOP to bring a motion on his behalf" before moving this Court for compassionate release. *Id*. (brackets omitted).

If a prisoner files a motion after meeting this threshold requirement, the statute provides that the district court may reduce a defendant's sentence, after considering the sentencing factors in § 3553(a), if the court determines that (1) extraordinary and compelling reasons warrant a sentence reduction and (2) a sentence reduction is consistent with "applicable policy statements issued by the Sentencing Commission." The Sentencing Commission's policy statement applicable to compassionate release requests is Sentencing Guidelines § 1B1.13, which was amended effective November 1, 2023. The amended policy statement now governs Defendant's motion for compassionate release. As amended, § 1B1.13 authorizes this Court to grant a motion for compassionate release if the Court finds that extraordinary and compelling reasons warrant a sentence reduction, and that the defendant is not a danger to the safety of any other person or to the community. U.S.S.G. § 1B1.13(a). Section 1B1.13(b) outlines six categories of extraordinary and compelling reasons that individually, or in combination, may support a request for

compassionate release. "Extraordinary and compelling reasons" exist under the policy statement if the defendant "(A) is at least 65 years old; (B) is experiencing a serious deterioration in physical or mental health because of the aging process; and (C) has served at least 10 years or 75 percent of his or her term of imprisonment, whichever is less." U.S.S.G. § 1B1.13(b)(2).

If the defendant establishes what qualifies as an "extraordinary and compelling reason" under the policy statement, the Court must also find that he is not a danger to the safety of any other person and to the community. § 1B1.13(a)(2). Finally, even if the Court were to determine that the defendant is no longer a danger to others or to the community, it must nevertheless consider the applicable § 3553(a) sentencing factors "in deciding whether to exercise its discretion to reduce the defendant's term of imprisonment." *United States v. Hargrove*, 30 F.4th 189, 194 (4th Cir. 2022). The factors in § 3553 are considered when imposing sentences and include, amongst others, (1) the nature of the offense and the history and characteristics of the defendant, (2) the need for the sentence imposed to reflect the seriousness of the offense, promote respect for the law, provide just punishment for the offense, afford adequate deterrence to criminal conduct, protect the public from further crimes, and provide the defendant with needed educational or vocal training, medical care, or other correctional treatment, (3) the kinds of sentences available, (4) the need to avoid unwarranted sentence disparities among defendants with similar records, and (5) the need to provide restitution to victims.

**B.  Analysis**

The Court finds that Mr. Burgess has failed to meet the threshold requirement for bringing this motion as he did not first present that "request" to the "warden" of his "facility." 18 U.S.C. § 3582(c)(1)(A). Records supplied by the Bureau of Prisons indicate that Burgess presented a request within the Bureau of Prisons in advance of the request for compassionate release he made in 2023,

3

but he does not allege to have made a request in advance of his current motion. Burgess's "one-time compliance" with the presentation requirement "does not carry forward in perpetuity to all his subsequent compassionate release motions." *United States v. Memsen*, No. 1:17-CR-00077-MR-WCM, 2022 WL 1494992, at *2 (W.D.N.C. May 11, 2022). Section 3582(c)(1)(A)'s "plain language" and the "statutory framework" make clear that the presentation requirement is "motion-specific." *Id*.

Even if Mr. Burgess had complied with this threshold requirement and even if the Court determined that extraordinary and compelling reasons exist justifying Defendant's release, Mr. Burgess is unable to establish that he is not a danger to the safety of any other person and to the community. In fact, this Court has found otherwise multiple times in recent years, despite Burgess's increased age and medical needs. *See* Aug. 2023 Order 5–6; June 2021 Order (Doc. No. 403), at 4. Burgess's record of prison discipline confirms that this Court's determinations were well founded. His record from this year alone demonstrates that he retains the ability and willingness to engage in sexual misconduct. (Doc. No. 442 at 7).

Moreover, the factors listed in Section 3553(a) weigh against his release. The Section 3553(a) factors indicate that the Court must consider, among other things, the nature and circumstances of Defendant's underlying offense and his history and characteristics; the need for the sentence imposed to reflect the seriousness of Defendant's offenses, promote respect for the law, and provide just punishment; the need to afford adequate deterrence to criminal conduct; the need to protect the public from Defendant's further crimes; and the need to provide Defendant with the needed training, care, or other correctional treatment in the most effective manner. 18 U.S.C. § 3553(a)(1)–(2). Here, Defendant has a decades-long history of sexual misconduct and sex crimes against children and is currently serving sentences related to his possession of

4

thousands of images and hundreds of videos depicting child pornography, some involving sadomasochism. During the investigation of Defendant's underlying convictions, he revealed to law enforcement that he viewed child pornography two to three days a week and used child pornography in an attempt to avoid committing additional sex crimes against children. Defendant's term of imprisonment reflects the serious nature of his crimes, prevents him from further crimes against minors, protects the public from him, and provides the correctional treatment Defendant so clearly requires. As such, compassionate release is inappropriate.

### III. CONCLUSION

**IT IS THEREFORE ORDERED** that Defendant's Motion for Compassionate Release (Doc. No. 437) is **DENIED**.

Signed: September 19, 2024

Graham C. Mullen
United States District Judge